IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS T. ALFORD, | | |
| | Plaintiff, | No. 2:12-cv-1949 DAD P |
| vs. | | |
| DR. GYAMMI, et al., | | ORDER AND |
| | Defendants. | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983.  This matter is before the court on defendants' motion to dismiss brought pursuant to unenumerated Rule 12(b) of the Federal Rules of Civil Procedure due to plaintiff's alleged failure to exhaust his administrative remedies prior to bringing suit as required.  Plaintiff has filed an opposition to the motion and defendants have filed a reply.  Plaintiff has also filed several unauthorized responses to defendants' reply.

**BACKGROUND**

Plaintiff is proceeding on his original complaint against defendants Dr. Gyammi and Dr. Calderon.  Therein, plaintiff alleges that defendant Dr. Gyammi denied him adequate dental care and that defendant Dr. Calderon covered up the denial of adequate dental care in

/////

1

violation of plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment. (Compl. at 5-5e & Ex. A.)

## THE EXHAUSTION REQUIREMENT

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. See Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. See id. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006). "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [] - rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88). See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'") (quoting Jones, 549 U.S. at 218).

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, §

2

1  3084.1(a).  Most appeals progress through three levels of review.  See id. § 3084.7.  The third
2  level of review constitutes the decision of the Secretary of the California Department of
3  Corrections and Rehabilitation and exhausts a prisoner's administrative remedies.  See id. §
4  3084.7(d)(3).  A California prisoner is required to submit an inmate appeal at the appropriate
5  level and proceed to the highest level of review available to him.  Butler v. Adams, 397 F.3d
6  1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

7        The PLRA exhaustion requirement is not jurisdictional but rather creates an
8  affirmative defense.  See Jones, 549 U.S. at 216 ("[I]nmates are not required to specially plead or
9  demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th
10 Cir. 2003).  The defendants bear the burden of raising and proving the absence of exhaustion.
11 Wyatt, 315 F.3d at 1119.  That burden, however, is "very low."  Albino v. Baca, 697 F.3d 1023,
12 1031 (9th Cir. 2012).  The defendants need only show the existence of a grievance procedure that
13 plaintiff did not use.  Id. (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)
14 and Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005)).

15       A prisoner may be excused from complying with the PLRA's exhaustion
16 requirement if he establishes that the existing administrative remedies were effectively
17 unavailable to him.  Albino, 697 F.3d at 1031.  For example, where prison officials improperly
18 screen out inmate grievances, they render administrative remedies effectively unavailable.  See
19 Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010).  In such a case, "the inmate cannot pursue
20 the necessary sequence of appeals . . . ."  Id.  See also Nunez v. Duncan, 591 F.3d 1217, 1226
21 (9th Cir. 2010)  (excusing an inmate's failure to exhaust because he was precluded from
22 exhausting administrative remedies by a warden's mistaken instruction to him that a particular
23 unavailable document was needed for him to pursue his inmate appeal).

24       If the district court concludes that the prisoner has not exhausted administrative
25 remedies and is not excused from doing so, "the proper remedy is dismissal of the claim without
26 prejudice."  Wyatt, 315 F.3d at 1120.  See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir.

2005).  On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad."  Jones, 549 U.S. at 221.

## DISCUSSION

According to defendants, plaintiff submitted ten inmate appeals regarding his health-care concerns to the appeals office at the California Medical Facility from the time he saw defendant Dr. Gyammi in 2009 until the time he filed this civil action in 2012.  In Inmate Appeal 1203660, plaintiff complained about the dental treatment he was provided by defendant Dr. Gyammi.  However, the appeals office screened out that inmate appeal, first because it failed to supply necessary details of plaintiff's complaint and subsequently based upon untimeliness.  In any event, plaintiff never obtained a third-level decision on his Inmate Appeal 1203660 or any of his other inmate appeals in which he expressed concern regarding the health-care he was receiving.  (Defs.' Mot. to Dismiss (Doc. No. 14) at 4-5 , Zamora Decl., Loney Decl. & Ex. 1, Sinkovich Decl.)

It appears from the evidence presented by defendants in support of their motion that prison officials properly screened out plaintiff's inmate appeals because he failed to comply with the rules governing the appeals process.  See Woodford, 548 U.S. at 83-84 (a prisoner does not satisfy the PLRA exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal").  Specifically, under the governing regulations in California prison officials may screen out inmate appeals if they make a general allegation but fail to state facts or specify acts or decisions consistent with the allegation or if they are submitted in an untimely fashion.  See Cal. Code Regs. tit. 15, § 3084.6(b)(6) & (c)(4).  Here, plaintiff submitted Inmate Appeal 1203660 on April 24, 2012, more than a year and a half after defendant Dr. Gyammi allegedly provided him with inadequate dental care.  Under the applicable regulations governing inmate appeals, plaintiff was required to submit his appeal within thirty days of defendant Dr. Gyammi's alleged inadequate dental care.  See id. § 3084.8(b).

/////

It is correct that the Ninth Circuit has held that a prisoner may be excused from complying with the exhaustion requirement when prison officials render such administrative remedies effectively unavailable. See Albino, 697 F.3d at 1034. In this case, however, plaintiff has failed to submit any evidence showing, or even suggesting, that he should be excused from complying with the exhaustion requirement. For example, this is not a case where prison officials engaged in misconduct in handling plaintiff's inmate appeals, told plaintiff that there were no available administrative remedies, or pointed plaintiff in a direction that would cause him to fail in his attempts to exhaust his administrative remedies See id. Nor is this a case where prison officials refused to provide plaintiff with the required grievance forms, failed to respond to properly-filed grievances, or threatened him with retaliation for filing grievances. See id. at 1034, n.7. Instead, in this case plaintiff merely argues that forcing him to exhaust administrative remedies at this point would cause greater pain and suffering and delay the granting of his much-needed relief. (Pl.'s Opp'n to Defs.' Mot. to Dismiss (Doc. No. 16) at 2.) However, the exceptions to the PLRA exhaustion requirement apply only when prison officials take affirmative actions to prevent a prisoner from properly exhausting his administrative remedies prior to filing suit. See Albino, 697 F.3d at 1034. Here, plaintiff has presented no evidence suggesting that prison officials delayed or thwarted his efforts to exhaust his claims.

Defendants have carried their burden of raising and proving the affirmative defense of failure to exhaust administrative remedies prior to filing suit. See Jones, 549 U.S. 216; Wyatt, 315 F.3d at 1117-19. Accordingly, defendants' motion to dismiss should be granted.

CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (Doc. No. 14) be granted; and

/////

2. All other motions pending in this action (Doc. Nos. 11, 20, 21 & 22) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 15, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
alfo1949.57